IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NOEL PERRY**, on behalf of himself and all others similarly situated, | CASE NO. |
| Plaintiff, | JUDGE |
| v. | |
| **DASCO HOME MEDICAL EQUIPMENT, INC.**, | **PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Noel Perry ("Plaintiff"), on behalf of himself and all others similarly situated, brings this Complaint against Defendant Dasco Home Medical Equipment, Inc. ("Defendant") and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA.

## PARTIES

4. At all times relevant to this Complaint, Plaintiff was a citizen of the United States. Plaintiff has worked for Defendant as an hourly non-exempt employee in one of Defendant's Ohio offices.

5. Defendant is an Ohio corporation with its principal place of business in Franklin County at 375 N. West St., Westerville, Ohio. Defendant may be served through its Statutory Agent, KBHR Statutory Agent Corp., P.O. Box 361715, Columbus, Ohio 43236.

6. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the OMFWSA.

7. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

10. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this judicial district and division.

## FACTUAL ALLEGATIONS

11. At all relevant times, Plaintiff was employed by Defendant as a non-exempt, hourly Delivery Technician, delivering medical equipment to Defendant's customers in Ohio.

12. Defendant operates in Ohio, West Virginia, Indiana, and Kentucky.

13. The Delivery Technicians that Defendant employees drive exclusively or almost exclusively intrastate. For example, Plaintiff typically drove only to another branch and worked from that branch, as opposed to transporting Defendant's product across state lines.

14. Plaintiff and those similarly situated exclusively drove vehicles weighing less than 10,000 pounds.

15. Within the three years prior to the filing of this Complaint, Defendant paid Plaintiff a non-discretionary "on call" payment of $100 per pay period (the "On Call Payment"). The On Call Payment was remuneration for employment that Defendant paid to Plaintiff.

16. Plaintiff and those similarly situated were not exempt from the protections of the FLSA or OMFWSA.

17. In the past three years, Plaintiff frequently worked in excess of 40 hours in one or more workweeks. However, Defendant failed to include the On Call Payment in Plaintiff's regular rate of pay for purposes of computing the overtime pay due to Plaintiff.

18. By failing to include the On Call Payment when calculating Plaintiff's regular rate, Defendant underpaid Plaintiff overtime.

19. Non-exempt hourly employees of Defendant similarly situated to Plaintiff likewise received On Call Payments, which were not included in their regular rates of pay. This resulted in such similarly situated non-exempt hourly employees being underpaid overtime in violation of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this case as a FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

22. The Putative Class members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former employees of Defendant who received an "on call" payment from Defendant, and who worked more than forty hours in one or more workweeks during the three-year period preceding the commencement of this action through the conclusion of this action.**

23. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of excluding On Call Payments from the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

25. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, it consists of approximately 50 people. Such people are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **CLASS ACTION ALLEGATIONS**

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class") defined as:

> **All present and former employees of Defendant who received an "on call" payment from Defendant, and who worked more than forty hours in one or more workweeks during the two-year period preceding the commencement of this action through the conclusion of this action.**

28. The Ohio Class is so numerous that joinder of all class members is impracticable. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

29. There are questions of law or fact common to the Ohio Class, including but not limited to:

   a) Whether Defendant miscalculated the overtime compensation it paid to Plaintiff and other class members by excluding the On Call Payment from the calculation of their "regular rates" for purposes of overtime compensation.

   b) Whether Plaintiff and other class members would have received additional overtime compensation if the On Call Payment had properly been included in their "regular rates" of pay, and, if so, in what amount.

30. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

31. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Putative Class members who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached to this Complaint.

36. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

37. Plaintiff and the Putative Class members should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

38. Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiff and the Putative Class members by excluding the On Call Payments from the calculation of their "regular rates."

39. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

40. As a result of Defendant's violations of the FLSA, Plaintiff and the Putative Class members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this claim for violation of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

43. At all times relevant, Defendant was an employer covered by the OMFWSA.

44. Defendant violated the OMFWSA by excluding the On Call Payment from the calculation of employees' regular rates for purposes of overtime computing compensation.

45. Defendant's violations of the OMFWSA injured Plaintiff and the Ohio Class members in that they did not receive the proper overtime compensation due to them pursuant to the OMFWSA.

46. By engaging in that practice, Defendant willfully violated the OMFWSA.

47. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff and other members of the FLSA Collective and the Ohio Class;

D. Award damages to Plaintiff and other members of the FLSA Collective and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and,

E. Award pre- and post-judgment interest to the fullest extent of the law; and

F. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:	(614) 824-5770
Facsimile:	(330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Jeffrey J. Moyle
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
T: (216) 230-2955
F: (330) 754-1430
jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiff